UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:25-CV-00472-JRS-MKK |
| | ) |
| Director WILLIAM MARSHALL, Deputy Director JOSHUA J. SMITH, ANDRE MATEVOUSIAN, SDAD, DSCC RICK STOVER, Warden J. WADAS, BUREAU OF PRISONS, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER (Dkt. 2)**

The Plaintiff, Brandon Council, has been indicted for murder in South Carolina. The judge in that case issued a writ ad prosequendum to have Mr. Council transferred to South Carolina for a hearing. The writ on its face states that following the hearing, Mr. Council will be transferred back to the FCC – Terre Haute. The Bureau of Prisons reviewed the request and found it appropriate to temporarily transfer Mr. Council for that proceeding. Mr. Council is not being redesignated for custody purposes to another state facility; he remains in Bureau of Prisons custody and is designated to the Federal Correctional Complex – Terre Haute. The Bureau of Prisons reviewed the writ and is processing it in accordance with applicable statutes and BOP Program Statements. Accordingly, the Plaintiff is unlikely to succeed on the merits of his claim. Moreover, his motion does not establish – or even allege – irreparable harm, but instead seems to suggest that the Plaintiff should not be required to appear in court to face state court charges against him. Not only does this claim not show irreparable harm, it is against public interest.

However, given the short turnaround time for the Defendants to respond, they respectfully request additional time through September 30, 2025, to file a more robust response to the Plaintiff's motion.

## STANDARD FOR ISSUING A TEMPORARY RESTRAINING ORDER

A temporary restraining order ("TRO") is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction. *Coca–Cola Co. v. Alma–Leo U.S.A., Inc.*, 719 F.Supp. 725, 726 (N.D. Ill. 1989). The purpose of a TRO, similar to that of a preliminary injunction, is to minimize the hardship to the parties pending the ultimate resolution of the suit. *Faheem–El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In this circuit, the standards for a TRO and a preliminary injunction are functionally identical. *Bernina of America, Inc. v. Fashion Fabrics International*, 2001 WL 128164, at * 1 (N.D. Ill. Feb. 9, 2001).

Injunctive relief, including the entry of a TRO, is warranted if the movant can make a threshold showing: (1) that the movant has some likelihood of success on the merits of the underlying litigation; (2) that no adequate remedy at law exists; and (3) that the movant will suffer irreparable harm if the injunction is not granted. If these three conditions are met, then the Court must balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued improvidently and consider the interest of the public in whether the injunction is to be granted or denied. *See Duct–O–Wire Co. v. U.S. Crane, Inc.*, 31 F.3d 506, 509 (7th Cir. 1994); *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314–15 (7th Cir. 1994); *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11–12 (7th Cir. 1992).

## FACTUAL BACKGROUND

The Plaintiff is currently housed in the Special Confinement Unit, FCC – Terre Haute,

pursuant to a sentence of Life without the possibility of parole. In September 2025, the Bureau of Prisons received a state court writ ad prosequnedum to have Mr. Council appear at a hearing on September 30, 2025. Ex. 1. The writ states that after the hearing, Mr. Council will be transferred back to the FCC – Terre Haute. *Id.* The writ also states that it will in no way impede upon Mr. Council's ability to appear in other federal proceedings. *Id.*[1]

The Supervisory Correctional Systems Specialist reviewed the writ and certified the following: "CERTIFICATION: I certify that this release is in accordance with applicable and controlling rules, regulations and statutory provisions.   If this is a final release, it is based on a final release audit of the sentence computation provided by the Designation and Sentence Computation Center.   I have personally reviewed all Judgment and Commitment Orders, U.S. Parole Commission Warrants, Notice of Actions, and detainer information, and there is no information which would preclude the release of this inmate." Ex. 2.

## ARGUMENT

### I. THE PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS

The Plaintiff is not likely to succeed on the merits because the Bureau of Prisons complied with the applicable statutes and policies regarding Mr. Council. As set forth above, the Bureau of Prisons received a valid writ, reviewed it, and has certified that Mr. Council's release is in accordance with controlling rules, regulations, and statutes. Plaintiff's motion does not set forth any specific way in which the Defendants have failed to comply with applicable statutes or regulations other than the vaguely claim that the proceedings against him in South Carolina may be "unlawful." Plaintiff cannot meet his burden.

---

[1] Mr. Council does not allege that he currently has any post-conviction proceedings pending and the undersigned was unable to locate any proceedings currently pending. His last 2241 petition was dismissed in 2023.

## II. PLAINTIFF CANNOT SHOW IMMEDIATE IRREPERABLE HARM

Regardless of how the other factors are analyzed, "it is required that the movant demonstrate an irreparable injury." *Mdewakanton Sioux Indians of Minn. v. Zinke*, 255 F. Supp. 3d 48, 51 (D.D.C. 2017). "The basis of injunctive relief in the federal courts has always been irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 88 (1974); *see also CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). The Supreme Court's "frequently reiterated standard requires Petitioners seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. NRDC,* 555 U.S. 7, 22 (2008) . "[I]f a party makes no showing of irreparable injury, the court may deny the motion without considering the other factors." *Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012); *see also Michigan v. United States Army Corps of Eng'rs*, No. 10-3891, 2011 U.S. App. LEXIS 17714 (7th Cir. 2011); *Farris v. Rice*, 453 F. Supp. 2d 76, 78 (D.D.C. 2006) (collecting authorities); *League of Women Voters v. Newby*, Civ. A. No. 16-0236 (RJL), 2016 WL 8808743, at *1 (D.D.C. Feb. 23, 2016) ("This conclusion is bolstered by the fact that plaintiffs here seek not to maintain the status quo, but instead to restore the status quo ante, requiring this Court to proceed with the utmost caution.").

Plaintiff's claims do not demonstrate immediate, irreparable harm sufficient to warrant extraordinary injunctive relief. Plaintiff does present evidence of irreparable harm or even allege irreparable harm, other than being the subject of legal proceedings in South Carolina. His motion does not support a finding of irreparable harm.

## CONCLUSION

Based on the foregoing, the Defendants request that the Court deny the Plaintiff's Motion for Temporary Restraining Order.

                                                  THOMAS E. WHEELER, II
                                                  United States Attorney

By:    *s/ Shelese Woods*
           Shelese Woods
           Assistant United States Attorney
           Office of the United States Attorney
           10 West Market Street, Suite 2100
           Indianapolis, IN 46204
           (317) 226-6333
           *Email address:* Shelese.Woods@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

Charity Brady
INDIANA FEDERAL COMMUNITY DEFENDERS
Charity_Brady@fd.org

Florence Italia Patti
INDIANA FEDERAL COMMUNITY DEFENDERS
Italia.Patti@fd.org

                                                 *s/ Shelese Woods*
                                                 Shelese Woods
                                                 Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
(317) 226-6333