UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRANDON MICHAEL COUNCIL,          )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        No. 2:25-cv-00472-JRS-MKK
                                  )
WILLIAM MARSHALL in his official capacity,  )
Director of the Federal Bureau of Prisons, et al.,  )
                                  )
                Defendants.       )

**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING
ORDER/PRELIMINARY INJUNCTION**

Plaintiff Brandon Michael Council, an inmate at United States Penitentiary – Terre Haute

("USP – Terre Haute"), by counsel, has brought this action against Defendants, various Bureau of

Prisons ("BOP") officials and the Warden of USP – Terre Haute, challenging his transfer to a

facility in South Carolina to face trial there on state capital murder charges. Dkt. 1. He has also

filed an emergency motion for a temporary restraining order or preliminary injunction from this

Court to bar his expected transfer to South Carolina in the very near future. Dkt. [2]. The Court

ordered expedited briefing on the issue of whether Mr. Council is entitled to a preliminary

injunction due to the BOP not following applicable transfer procedures.[1] Dkt. 7. For the reasons

below, that motion is **DENIED**.

**I. Background**

In September 2017, the United States indicted Mr. Council on multiple charges related to

a bank robbery in South Carolina, during which Mr. Council shot and killed two persons. *United*

---

[1] The Court appreciates that counsel for Defendants endeavored to provide a substantive response in a very short window of time. The Court's order did not provide for Mr. Council to file a reply, given the urgent nature of Mr. Council's request. As of close of business of even date, no reply has been filed.

1

*States v. Council*, 77 F.4th 240, 245 (4th Cir. 2023). In October 2017, the state of South Carolina

also indicted Mr. Council for the same events. Dkt. 1 at 3. In October 2019, the South Carolina

District Court accepted the jury's guilty verdict and recommendation that Mr. Council be sentenced

to death. *Council*, 77 F.4th at 245. Shortly thereafter, the state of South Carolina dismissed its case

against Mr. Council. Dkt. 1 at 3. After his conviction, Mr. Council was sent to the federal

government's Special Confinement Unit, i.e. death row, at USP - Terre Haute, where he has been

located ever since. *See Council v. Garland et al.*, No. 2:21-cv-00302-JPH-MKK (S.D. Ind.), dkt.

1.[2]

On December 26, 2024, President Biden commuted Mr. Council's sentence to life

imprisonment without the possibility of parole. *United States v. Council*, No. 4:17-cr-00866-JD

(D. S.C.), dkt. 955. On President Trump's inauguration day, he issued an executive order titled,

"Restoring     the     Death     Penalty     and     Protecting     Public     Safety."     *See*

https://www.whitehouse.gov/presidential-actions/2025/01/restoring-the-death-penalty-and-

protecting-public-safety. In part, the order directed the Attorney General to evaluate the cases of

Mr. Council and the other 36 federal death row inmates whose sentences President Biden had

commuted and determine "whether these offenders can be charged with State capital crimes and

shall recommend appropriate action to state and local authorities." *Id.* Sometime after this order

---

[2] This 2021 lawsuit challenges Mr. Council's conditions of confinement and mental health treatment at USP
– Terre Haute. In addition, Mr. Council and the other persons whose death sentences were commuted by
President Biden have filed a separate lawsuit seeking to enjoin the BOP's stated intent to move them all to
the federal supermax prison, ADX, in Florence, Colorado. *See Taylor, et al. v. Trump, et al.*, No. 1:25-cv-
01161-TJK (D.C. Cir.). The proceedings in this case, limited to Mr. Council's possible transfer to South
Carolina for state court criminal proceedings, would have no effect on the proceedings in *Taylor* regarding
a permanent move to ADX.

was issued, the state of South Carolina reinitiated its capital murder proceedings against Mr. Council. Dkt. 1 at 3.

On August 25, 2025, Mr. Council's attorneys in pending federal post-conviction proceedings scheduled a visit with him at USP – Terre Haute that was to take place on September 26. Dkt. 2 at 3. However, on September 24, prison officials notified the attorneys that the visit had been cancelled because Mr. Council was to be transferred in the very near future to South Carolina to face trial in the state criminal case. *Id.*

Mr. Council's attorneys filed this civil action today, September 25. The complaint alleges that having to face trial in South Carolina would violate Mr. Council's rights under the Fifth Amendment's Due Process and Double Jeopardy Clauses, the Sixth Amendment's Speedy Trial Clause, the Eighth Amendment's Cruel and Unusual Punishment Clause, and would constitute "commandeering" in violation of the Tenth Amendment, and also would constitute "vindictive prosecution" in violation of the Fourteenth Amendment. Dkt. 1 at 10. The complaint cites the Administrative Procedure Act, 5 U.S.C. § 702, as the statutory basis for the relief Mr. Council is seeking.

Specific to Mr. Council's emergency motion being addressed here, he alleges that he is being transferred without proper procedures for a transfer from federal to state custody being followed. *Id.* at 12-15. He claims the transfer would violate the Due Process Clause, and also the statutory mechanism for such transfers under 18 U.S.C. § 3623 and Bureau of Prisons ("BOP") Program Statement 5140.44. Section 3623 provides that such a transfer "shall" be ordered by the BOP Director if:

> (1) the transfer has been requested by the Governor or other executive authority of the State;
>
> (2) the State has presented to the Director a certified copy of the indictment, information, or judgment of conviction; and

(3) the Director finds that the transfer would be in the public interest.

Program Statement 5140.44 additionally requires that the warden of the prison where a federal

inmate is located must, when receiving a transfer request from a state, draft a memo to be provided

to the BOP leadership addressing "whether the transfer would be in the public's best interest . . .

whether the transfer is recommended . . . [and] details about how transportation would be

accomplished." Dkt. 1 at 14. It is not entirely clear which of the above procedures Mr. Council

alleges the BOP, USP – Terre Haute, or South Carolina state officials allegedly have not followed.

In its response in opposition to Mr. Council's emergency motion, the Defendants have

submitted a copy of a writ of habeas corpus ad prosequendum issued by a South Carolina state

court, requesting that Mr. Council be temporarily transferred to the custody of the Sheriff of Horry

County, South Carolina, for a hearing to be conducted on September 30, and that he is to be taken

back into federal custody thereafter. Dkt. 10-1; *see also* 28 C.F.R. § 527.31(c) (providing that a

state requesting transfer of a federal prisoner pursuant to a writ of habeas corpus ad prosequendum

must state in its request that it "will return the inmate to [federal] custody promptly on conclusion

of the inmate's appearance in the state or local proceeding for which the writ is issued").

The Supervisory Correctional Systems Specialist reviewed the writ and certified the

following:

> CERTIFICATION: I certify that this release is in accordance with applicable and controlling rules, regulations and statutory provisions. If this is a final release, it is based on a final release audit of the sentence computation provided by the Designation and Sentence Computation Center. I have personally reviewed all Judgment and Commitment Orders, U.S. Parole Commission Warrants, Notice of Actions, and detainer information, and there is no information which would preclude the release of this inmate.

Dkt. 10-2.

## II. Discussion

At the outset, the Court notes that although the emergency motion is styled in part as a request for a temporary restraining order, the requirements for issuing such an order have not been met. In part, a temporary restraining order can only be issued if it is supported by "specific facts in an affidavit or verified complaint . . . ." Fed. R. Civ. P. 65(b)(1). Both the complaint and emergency motion filed here are unsworn. Therefore, a temporary restraining order cannot issue.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). The plaintiff bears the burden of proving each element by a preponderance of the evidence. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id*.

A showing of irreparable harm in the absence of injunctive relief is a "threshold requirement" for obtaining a preliminary injunction. *DM Trans, LLC v. Scott*, 38 F.4th 608, 621 (7th Cir. 2022) (citing *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021)). Failing to show irreparable harm is by itself sufficient basis for a court to deny a requested preliminary injunction. *Id.* (citing *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1440–41 (7th Cir. 1986)). A preliminary injunction movant must show a likelihood of suffering irreparable harm in the absence of an injunction, not merely a possibility of harm. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22

(2008). "Harm is irreparable if legal remedies available to the movant are inadequate, meaning they are seriously deficient as compared to the harm suffered." *DM Trans*, 38 F.4th at 618 (citing *Life Spine*, 8 F.4th at 545).

The Court concludes that Mr. Council's request for a preliminary injunction fails for lack of a showing of irreparable harm. His arguments against transfer are based in large part upon claims that his state-court prosecution in South Carolina would be unconstitutional for various reasons. However, Mr. Council has adequate legal avenues to address claims such as those by presenting them to state and federal courts in South Carolina. Moreover, under *Younger v. Harris*, 401 U.S. 37 (1971), this Court cannot interfere in or enjoin pending state criminal proceedings. *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

Mr. Council may recognize that the only claims that could properly be before this Court regarding his possible transfer to South Carolina would be allegations of a failure to completely follow all procedures contemplated by statute and BOP rules and regulations before the transfer took place. Even assuming, in light of his vague allegations of which procedures Defendants are allegedly failing to follow, he has shown a violation of 18 U.S.C. § 3623 and BOP Program Statement 5140.44, which does not seem to be the case, he has not adequately explained how he would be directly, let alone irreparably, harmed by any such failure, if the transfer did take place. Mr. Council's attorneys make vague, conclusory claims that Mr. Council's transfer to South Carolina could impede attorney-client communications and will cause "chaos" and emotional harm to Mr. Council. Dkt. 2 at 3-4. This bare speculation simply is not enough to warrant the "extraordinary remedy" of preventing his temporary transfer to South Carolina to appear at a hearing on September 30 before his return to USP – Terre Haute.

Resolving the motion on the irreparable harm prong is sufficient. Still, on the limited record before the Court, Mr. Council also has not met his burden of showing a likelihood of success on the merits that the BOP failed to follow its regulations with respect to this transfer. The Court notes that on this extremely expedited briefing schedule, the BOP has introduced evidence that it at least substantially complied with the applicable policy. The BOP received a valid writ, reviewed it, and certified that Mr. Council's transfer pursuant to the writ was in accordance with controlling rules, regulations, and statutes. The Court presumes that absent evidence to the contrary, the BOP will follow its standard transportation protocols. The Court further presumes it is in the public interest for the BOP to respond to a valid writ to make a criminal defendant available for a scheduled court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

Because Mr. Council has failed to show irreparable harm, Mr. Council has failed to make a threshold showing that he is entitled to a preliminary injunction.

### III. Conclusion

For the above reasons, Mr. Council's motion for a temporary restraining order or preliminary injunction is **DENIED**. Dkt. [2].

In light of the BOP's representation that Mr. Council will be returned to USP – Terre Haute after the September 30 hearing, it does not appear that the claims Mr. Council has presented will necessarily be moot. Thus, Defendants have **60 days** to file an answer to the complaint.

**IT IS SO ORDERED.**

Date: 9/25/2025

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charity Brady
Indiana Federal Community Defenders
charity_brady@fd.org

Florence Italia Patti
Indiana Federal Community Defenders
italia.patti@fd.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov